[Civil No. 2467.    Filed October 1, 1925.]

[239 Pac. 504.]

In the Matter of the Application of BEARDSLEY-AGUA FRIA WATER CONSERVATION DISTRICT for a Determination as to the Validity of First Series of Bonds of said District. CHET W. WILLIAMS, Appellant, v. L. M. LANEY, O. R. WELLS and ROYAL W. LESCHER, Constituting the Board of Directors of the BEARDSLEY–AGUA FRIA WATER CONSERVATION DISTRICT, Appellees.

1. WATERS AND WATERCOURSES—LAND OWNERS IN IRRIGATION DISTRICT, SIGNING WAIVER OF PUBLICATION OF NOTICE, BIND THEMSELVES AND THEIR LAND.—Where all the land owners in an irrigation district sign waiver of publication of notice of the filing of maps and list required by Laws of 1922, chapter 36, amending Laws of 1921, chapter 149, the action of the board of supervisors of the district in accepting and acting on the waiver binds the signers and also the land.

2. WATERS AND WATERCOURSES — APPROVAL AND ACQUIESCENCE OF LAND OWNERS IN PROCEEDINGS IN ESTABLISHING IRRIGATION DISTRICT WARRANTS JUDGMENT APPROVING PROCEEDINGS.—Where, in an action by the board of supervisors of irrigation district to establish validity of bonds under Laws of 1921, chapter 149, and amendatory acts, it was shown that all the land owners were advised of all proceedings taken and acquiesced therein, judgment approving proceedings was proper.

See (1) 40 Cyc., p. 821.    (2) 40 Cyc., p. 823.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Mr. Chet W. Williams, *in propria persona*.

Mr. P. H. Hayes and Messrs. Clark & Clark, for Appellees.

ROSS, J.—The Beardsley-Agua Fria Water Conservation District, having organized itself into an irrigation district, and desiring to issue its bonds for the purpose of carrying out its plan of development for irrigation, through its board of directors instituted this action "for the purpose," using the language of the statute, "of having a judicial examination and judgment of the court as to the regularity and legality of the proceedings of the said board." The petition, as the law requires, states "the facts showing the acts and proceedings had relative to the issue and sale of bonds described therein," as also all acts and proceedings taken in the organization of the said district.

This kind of a proceeding is expressly provided for by the Irrigation District Act (chapter 149, Laws of 1921, and amendatory acts). In said act (section 28) it is provided that—

The "judgment may determine the legality and validity of, and approve and confirm, each and all of the proceedings, of the organization of said district under the provisions of said act, from and including the petition for the organization of the district, and all other proceedings which may affect the legality or validity of said bonds. The court, in inquiring into the regularity, legality or correctness of said proceedings, must disregard any error, irregularity or omission which does not affect the substantial rights of the parties."

It is further provided that any interested parties may, severally or jointly, file a general demurrer to the petition for confirmation and approval of said proceedings, on the grounds that the matters of said petition do not state a cause of action entitling the petitioners to the relief prayed for.

A demurrer was interposed by Chet W. Williams, a qualified elector and land owner of said irrigation

district, and all other land owners and electors in said district waived, by written waiver, service of summons, whereupon the court took jurisdiction and proceeded to hear and determine the questions presented in said petition.

The court made findings of fact from which the following conclusions of law were drawn:

"(1) That the Beardsley-Agua Fria Water Conservation District was duly and regularly organized under the provisions of chapter 149 of the Session Laws of the state of Arizona, 1921, and that all proceedings relative to the organization of said district were duly and regularly had, from and including the petition for such organization, to and including the final and complete acts of organization.

"(2) That all proceedings subsequent to the organization of said district, had before the board of supervisors of Maricopa county, the state certification board of Arizona and all acts and resolutions required to be passed by the board of directors of said district, were duly and regularly had.

"(3) That all acts and proceedings had by said district in relation to the bonds hereinabove referred to were regularly and legally had in accordance with law, and that there is no error, irregularity, or omission in any of said proceedings which in any manner affects the rights of the parties hereto or the rights of any person interested as an elector, taxpayer, property owner, or otherwise in the matter of said bond issue, and that said bonds have in all respects been regularly and legally authorized."

The court entered judgment upon the findings of fact and conclusions of law, approving all the acts and proceedings in the organization of said district, as also all the acts and proceedings looking to the issuance of the district's bonds.

Williams appeals from the judgment, and assigns the overruling of his general demurrer as error.

Our examination of the record convinces us the findings fully sustain the conclusions of law, and that the judgment must be affirmed.

There was one step taken, however, looking to the issuance of the district's bonds for the purpose of making the proposed improvements, which was not in exact accord with the terms of the statute, and we feel that any doubt as to the legality and validity of that step should be put at rest.

Chapter 36, Laws of 1922, amendatory of chapter 149 of the Session Laws of 1921, provides that the board of directors of an irrigation district must file with the board of supervisors and the county recorder in which such district is situate a map or maps duly certified by the district's engineer and secretary, accurately delineating the boundaries of the district, the location of all storage reservoirs, diversion dams, power plants, irrigating canals, principal laterals and the parcels of land to be irrigated thereby as finally and definitely fixed and determined. It is also provided that the board of directors of the district shall at the same time file with the board of supervisors an accurate list certified to by the district's engineer and secretary of the parcels of land susceptible of irrigation from, and to be charged with, the cost of the construction of said proposed works. It is then provided that the clerk of the board of supervisors, when map and list aforesaid are filed with the board of supervisors, shall give notice thereof by publication in a newspaper of general circulation, for four consecutive weeks, which notice shall embody a description of the lands in list, and shall direct any and all persons to appear at a time not later than sixty days from the date of the first publication of notice and show cause, if any they have, why all and singular the parcels of land

included and described should not be finally included within and subjected to the cost and burdens of such proposed works.

It was alleged in the petition, and found by the court as a fact, that the published notice as above provided was not given, but that, in lieu thereof, a waiver of such notice was filed with the board of supervisors, signed by all of the owners and holders of title to land within said irrigation district, and who were at the time of signing said waiver and now are the owners in fee simple of all the land within said district.

We can think of no reason why the action of the board of supervisors, in accepting waiver and acting thereon, should not bind the signers of such waiver as also the land, and entitle such lands to the benefits of such proposed works, and subject them to the burdens of making and maintaining such works and improvements. The law was intended to permit one whose land could receive no benefit from the proposed works or was not susceptible of irrigation therefrom to show that fact and secure its exclusion from the district. But where the land is susceptible of irrigation from the proposed works, the purpose of the law is to compel its inclusion in the district, even without the consent and against the will of the owner. Here it is alleged, and the court found, not only a written waiver of the statutory notice by all the land owners, but a request from them to the board of supervisors—

"to accept said map and list as a final allotment, delineation, and description of said lands to be benefited by said proposed waterworks, and that certified list of the parcels of land subject to irrigation be made the basis for all district taxes, assessments, tolls, and charges levied by the district, and the basis of the vote at all elections of the district."

Even though the step taken in the above matter may not have been regular or in exact accordance with the terms of the statute, we think the land owners are concluded by their action from ever questioning it.

It appears from the findings that the bond election was first held without giving the notice provided for in the statute. Later, however, regular and legal notices of such election were given, and at such election the proposed bond issue was approved by the unanimous vote of the qualified electors of said district.

Since the petition and the findings of the court show that all of the land owners were fully advised of all proceedings taken, and actively participated therein, and approved and acquiesced in all the acts and proceedings had and taken, we are of the opinion that the judgment approving such proceedings should be affirmed, and it is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.